UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUTH MARSAR, individually, and
as Personal Representative of the
Estate of Joseph Richard Marsar, Jr.,

        Plaintiff,

v.                              CASE NO: 8:13-cv-01244-T-27TGW

SMITH AND NEPHEW, INC.,
a Tennessee corporation, *et al.*,

        Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court *sua sponte*. Plaintiff's Amended Complaint (Dkt. 3), filed against eight corporate and individual defendants, is 57 pages long, includes six claims against one or more of the Defendants, more than three pages of "Summary," and 193 separate allegations (exclusive of sub-parts). Moreover, each count of the Amended Complaint purports to incorporate all prior allegations irrespective of their relevance to a particular count.

Rule 8(a)(2), Federal Rules of Civil Procedure, authorizes "a short and plain statement of the claims showing that the pleader is entitled to relief." The Amended Complaint contravenes Rule 8's requirement by containing numerous repetitive and unnecessary factual allegations and legal conclusions, including detailed citations to the Code of Federal Regulations and quotations from various reports and other documents purportedly attached as exhibits to the Amended Complaint.[1] In addition, by incorporating all preceding paragraphs of each preceding count, the Amended

---

[1] While certain exhibits appear to have been attached to the original complaint, there are no exhibits attached to the Amended Complaint.

Complaint violates Rule 10 and is accurately described as "a quintessential example of what we and other courts have characterized as 'shotgun pleading.'" *See BMC Industries, Inc. v. Barth Industries, Inc.*, 160 F.3d 1322, 1327, n. 6 (11th Cir. 1998) (citing *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir.1997); *Mason v. Allen (In re Allen)*,150 B.R. 21, 22 (Bankr. E.D. Va.1993)).

The Amended Complaint also contains other pleading and substantive deficiencies. For example, while the Amended Complaint purports to be brought under the Florida Drug & Cosmetic Act, it asserts common law claims for negligence, strict liability, and breach of implied warranty. In addition, the Amended Complaint purports to lump various defendants together without providing factual allegations establishing the purported misconduct of each separate Defendant. *See, e.g., Lane v. Capital Acquisitions & Mgmt. Co.*, 04-60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. 2006).

The Amended Complaint has already resulted in various motions to dismiss and will likely result in prolonged litigation focusing on the sufficiency of the pleadings, rather than on the merits of the dispute from which the allegations arise. It effectively sets the stage "for the immense and unnecessary expenditure of resources" which has been repeatedly criticized in this Circuit. *See Byrne v. Nezhat,* 261 F.3d 1075, 1129-31 (11th Cir. 2001) ("Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard."); *see also Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) ("Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently.").

Litigation of this nature places an undue burden on the Court's docket. *See Byrne*, 261 F.3d at 1130 ("[S]hotgun pleadings wreak havoc on the judicial system."). It is likely to drive up the cost

of this litigation, broaden discovery unnecessarily, cause avoidable discovery disputes, and impede the Court's ability to resolve the dispute efficiently. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 981-83 (11th Cir. 2008) ("[T]he mischief shotgun pleadings causes undermines the public's respect for the courts-the ability of the courts to process efficiently, economically, and fairly the business placed before them."). The need for judicial intervention is therefore apparent, even at this early stage of the litigation.

Accordingly, it is **ORDERED AND ADJUDGED**:

(1) The Amended Complaint (Dkt. 3) is **DISMISSED** without prejudice. Plaintiff is granted leave to file a second amended complaint within **twenty (20) days**. Failure to timely file a second amended complaint will result in dismissal of Plaintiff's claims with prejudice.

(2) Sterling's Motion to Dismiss Amended Complaint or, Alternatively, for a More Definite Statement (Dkt. 10) is **DENIED** as moot.

(3) Defendants, Donna Petroff and Eric Haertle's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 4) is **DENIED** as moot.

(4) Defendants, Eric Haertle and Donna Petroff's Motion to Stay Discovery Pending Disposition of their Motion to Dismiss and the Disposition of a Motion Filed in the Triad Bankruptcy (Dkt. 17) is **DENIED** without prejudice. *See* Fed. R. Civ. P. 26(d)(1).

**DONE AND ORDERED** this 30th day of May, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record