UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUTH MARSAR, individually and as
Personal Representative of the Estate of
Joseph Richard Marsar, Jr.,

        Plaintiff,

vs.                                              Case No.: 8:13-CV-1244-T-27TGW

SMITH AND NEPHEW, INC., a
Tennessee corporation; *et al.*,

        Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendants, Donna Petroff and Eric Haertle's Dispositive Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Cause of Action (Dkt. 30). Defendants contend that personal jurisdiction over them is lacking and that the Second Amended Complaint fails to state a cause of action (Dkt. 30). Plaintiff has not responded to the motion. Upon consideration, the motion (Dkt. 30) is GRANTED.

Early in the case, *before* the Second Amended Complaint was filed, the affidavits of Petroff and Eric Haertle were filed, which demonstrate that Petroff and Haertle are not residents of Florida, have never conducted business in Florida, and do not own real property in Florida.[1] Notwithstanding these affidavits, the Second Amended Complaint alleges no basis for long-arm personal jurisdiction

---

[1] Donna Petroff avers that she is a resident of Illinois, has never engaged in business or had an office in Florida, has never owned real property in Florida, has never had a personal bank a account in Florida, and the last time she visited Florida was to take a cruise (Dkt. 5). Eric Haertle avers that he is a resident of Wisconsin, has never engaged in business or had an office in Florida, has never owned real property in Florida, has never had a personal bank account in Florida, and the last time he visited Florida was on a family vacation (Dkt. 6).

1

...

over Petroff and Eric Haertle. And after the Second Amended Complaint was filed, Petroff and Eric Haertle filed supplemental affidavits countering Plaintiff's alter ego theory of individual liability theory plead in Plaintiff's Sixth Claim.

Notwithstanding, Plaintiff has not responded to the motion to dismiss or countered the affidavits with any evidence. Absent contradictory affidavits or evidence, the averments in Petroff's and Haertle's affidavits must be accepted as true for purposes of resolving the question of personal jurisdiction. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

### Personal Jurisdiction

Two requirements must be met before personal jurisdiction exists over a defendant: "the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).[2] The plaintiff bears the initial burden of alleging sufficient facts to make out a *prima facie* case of jurisdiction. *Id.* (citing *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (per curiam)). Once a defendant challenges personal jurisdiction by submitting evidence, the burden shifts to the plaintiff to produce evidence supporting jurisdiction. *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002).

### Florida's Long-Arm Statute

Under Florida's long-arm statute, Fla. Stat. § 48.193(1)(b), jurisdiction may be exercised over a defendant when the complaint alleges sufficient jurisdictional facts to bring the action within the statute and sufficient minimum contacts exist between Florida and the defendant to satisfy the due process requirements. *Venetian Salami Co. v. Parthenais*, 554 So.2d 499 (Fla.1989).

---

[2] The reach of Florida's long-arm statute is a question of Florida law. *See Mazer, infra*, at 1274. Federal courts are required to construe the long-arm statute as would the Florida Supreme Court. *Id.* Absent some indication that the Florida Supreme Court would hold otherwise, federal courts are bound to adhere to decisions of Florida's intermediate courts on questions of personal jurisdiction. *Id.*

## Discussion

A review of the Second Amended Complaint supports Defendants' contention that Plaintiff has not met her initial burden of establishing personal jurisdiction over Petroff and Eric Haertle. Indeed, Plaintiff alleges that Defendants are citizens of states other than Florida, but makes no other factual allegations which would support personal jurisdiction under Florida's long-arm statute (Dkt. 23, ¶¶ 15, 17). To the extent Plaintiff relies on alleged torts committed by the corporate defendants as a basis for personal jurisdiction over the individual Defendants, under Florida's long-arm statute, the actions of a corporation cannot be imputed to its directors or shareholders. *Doe v. Thompson*, 620 So.2d 1004, 1006 (Fla. 1993).

Section 48.193(1) expressly refers to conduct in which a defendant "personally" engages in.[3] The distinction between a corporate officer acting on one's own and a corporate officer acting on behalf of the corporation precludes use of corporate conduct to establish personal jurisdiction over corporate officers acting in their corporate capacity. *Doe v. Thompson*, 620 So.2d at 1005. That is,

---

[3] Section 48.193 provides:

(1) Any person, whether or not a citizen or resident of this state, who *personally* or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

(b) Committing a tortious act within this state.

....

(f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:

1. The defendant was engaged in solicitation or service activities within this state; or

2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

(emphasis added).

while a corporation may be subject to jurisdiction when it transacts business in Florida, its corporate officers are not subject to personal jurisdiction unless they transact business on their own account in Florida. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 628 (11th Cir. 1996).

*Alter Ego*

Rather than alleging that the individual Defendants personally engaged in conduct subjecting them to personal jurisdiction under Section 48.193, Plaintiff alleges in conclusory fashion that "the corporate veil and corporate formalities should be pierced and disregarded because 'the Haertle siblings' conducted the TRIAD Defendants in such a way and manner as to render them individually liable for the torts committed by the TRIAD Defendants and for any liability of the TRIAD Defendants arising out of the acts and claims as set forth herein."(Dkt. 23, p. 6, ¶ 18). In the only claim against Petroff and Eric Haertle, Plaintiff purports to plead this alter ego theory of individual liability for corporate conduct (Dkt. 23, p. 39).

In Florida, a nonresident shareholder of a corporation doing business in Florida may be subjected to long-arm jurisdiction if sufficient facts are alleged to pierce the corporate veil of the corporation. *Bellairs v. Mohrmann,* 716 So.2d 320, 322 (Fla. 2d DCA 1998). While the alter ego theory of long-arm jurisdiction is a limited exception to the two step process for determining personal jurisdiction set forth in *Venetian Salami Co. v. Parthenais,* Plaintiff must still satisfy her initial burden of pleading facts supporting the alter ego theory. *Id.* And when the individual defendants file affidavits contesting the alter ego theory, as Petroff and Eric Haertle have done here, the burden shifts back to Plaintiff. *Id.*

A review of the Sixth Claim of the Second Amended Complaint confirms that Plaintiff has not met her initial burden of pleading a factual basis supporting application of the alter ego theory.

Nor has she plead sufficient facts to state a cause of action under the alter ego theory of liability.[4] She pleads mere conclusions, without factual support, contrary to the pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atllantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although detailed factual allegations are not required, a conclusory statement of the elements to a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. at 678. Even if the conclusory allegations in the Sixth Claim were sufficient, Plaintiff has not countered the supplemental affidavits of Petroff and Eric Haertle that the corporate Defendants maintained separate existence from them (Dkt. 31, ¶¶ 6-8, 10-13; Dkt. 32, ¶¶ 6, 7, 8, 10-13).

Accordingly, Defendants, Donna Petroff and Eric Haertle's Dispositive Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Cause of Action (Dkt. 30) is GRANTED. The Second Amended Complaint is DISMISSED as to Donna Petroff and Eric Haertle. Should Plaintiff wish to file a Third Amended Complaint against these Defendants, Plaintiff shall file a motion seeking leave to amend, and attach the proposed amended complaint. *Long v. Satz,* 181 F.3d 1275, 1279 (11th Cir. 1999).

**DONE AND ORDERED** this 13th day of August, 2013.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to:
Counsel of Record

---

[4] The law on corporate alter ego is substantially similar in Wisconsin and Florida. Compare *Consumer's Co-op of Walworth County v. Olsen*, 142 Wis. 2d 465, 476 (1988) with *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So.2d 1114, 1120-21 (Fla. 1984).