UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RUTH MARSAR, individually and as
Personal Representative of the Estate of
Joseph Richard Marsar, Jr.,**

    **Plaintiff,**

vs.                                                                Case No. 8:13-CV-1244-T-27TGW

**SMITH AND NEPHEW, INC.,**
a Tennessee corporation; et al.,

    **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is Defendant Sterling Medical Services, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 33). Plaintiff has not responded. The motion is GRANTED.

The pleading standard in federal civil actions is fairly straightforward, and not difficult to satisfy:

> Rule 8 requires that a complaint contain "a short and plain statement" of the grounds for relief, and that each allegation be pleaded in a "simple, concise, and direct" manner. Fed.R.Civ.P. 8(a)(2), (d)(1). The complaint must give the defendants fair notice of the bases for relief and the grounds upon which the claim rests. (citation omitted). A pleading that uses just labels and conclusions or a formulaic recitation of the elements of a cause of action will not meet Rule 8(a)(2). *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Rather, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quotations and citations omitted).

*Liebman v. Deutsche Bank Nat. Trust Co.*, 462 Fed.Appx. 876, 878 (11th Cir. 2012).

1

Plaintiff's Amended Complaint was dismissed *sua sponte* for non-compliance with Rule 8(a)(2) and because it constituted "a quintessential example of what we and other courts have characterized as 'shotgun pleading'" (Dkt. 22, p. 2, quoting *BMC Industries, Inc. v. Barth Industries, Inc.*, 160 F.3d 1322, 1327 n.6 (11th Cir. 1998). Apparently not appreciating the requirements of Rule 8(a), Plaintiff has filed a Second Amended Complaint (Dkt. 23) which suffers from several of the same infirmities. As Sterling Medical Services, Inc. observes:

> Rather than address the 'numerous repetitive and unnecessary factual allegations and legal conclusions,' Plaintiff merely shuffled them around. In turn, instead of clarifying the allegations as to 'each separate Defendant,' Plaintiff persists in 'lumping' them together. The Second Amended Complaint continues to violate the Court's directions and continues to require 'judicial intervention.' . . . Dismissal is necessary once again.

(Dkt. 33, p. 7).

The Amended Complaint consisted of 57 pages and 193 separate allegations (exclusive of sub-parts). The Second Amended Complaint consists of 42 pages with 184 separate allegations (exclusive of sub-parts). Rather than 129 preliminary allegations, there are now 122 paragraphs of preliminary allegations (excluding sub-parts). While references to non-attached exhibits have been eliminated, the same six claims are asserted against the same eight Defendants, five of which commingle one or more Defendants without distinguishing among them.

Plaintiff has eliminated the shotgun style of incorporating all preceding paragraphs into each claim. Notwithstanding, by incorporating the 122 paragraphs of preliminary allegations into each claim, it remains "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Comm. College*, 77 F.3d 364, 366 (11th Cir. 1996). Neither the Court, nor the Defendant, should be required to "sift through

the facts presented and decide for [itself] which are material to the particular cause of action asserted." *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 n.9 (11th Cir. 2002).

In short, the Second Amended Complaint is not a meaningful improvement over the Amended Complaint and is subject to dismissal. *See Goodison v. Washington Mut. Bank*, 232 Fed.Appx. 922, 923 (11th Cir. 2007) (dismissal proper where no meaningful attempt to comply with order).[1] Plaintiff has once again included "numerous repetitive and unnecessary factual allegations and legal conclusions, including detailed citations to the Code of Federal Regulations and quotations from various reports and other documents . . . ." More specifically, Plaintiff includes unnecessary "Definitions" and "Joint Venture/Enterprise" sections, argumentative legal contentions (¶¶ 34, 41, 45, 80, 82-83, 87, 96-98, 100-102), summarizes FDA investigations (¶¶ 67-94, 105, 121), includes lengthy single spaced responses to FDA observations (¶ 82), references various CFRs (¶¶ 104, 107-114, 116-121), and quotes from lengthy FDA inspection observations (¶ 107).

Like the Amended Complaint, the Second Amended Complaint contains "multiple pages of irrelevant factual allegations and redundant narratives," subjecting it to dismissal. *Goodison v. Washington Mutual Bank*, 232 Fed. Appx. at 923. On the other hand, "a complaint-so long as it is minimally sufficient to put a defendant on notice of the claims against him-will not fail for mere surplusage." *Bailey v. Janssen Pharmaceutica, Inc.*, 288 Fed.Appx. 597, 603 (11th Cir. 2008). Here, however, the claims asserted against Sterling are not minimally sufficient, and consist essentially of bare legal conclusions and recitation of the legal elements of each claim.

---

[1] In a separate order, the claim against Donna Petroff and Eric Haertle has been dismissed for lack of personal jurisdiction.

### Sterling Medical Services, Inc.

In summary, Plaintiff alleges that Sterling Medical Services, Inc. ("Sterling") purchased and distributed alleged defective alcohol pads (¶ 14, 32), Decedent, Joseph Marsar purchased the alcohol pads from Sterling (¶ 52), Sterling "knew or should have known" that the TRIAD Defendants failed to properly manufacture, test, and label the alcohol pads, and Sterling "caused tainted and contaminated products to be entered into the stream of commerce." (¶ 122). Plaintiff brings three claims against Sterling, negligence (Claim III), strict liability (Claim IV), and breach of implied warranty (Claim V). Sterling contends each claim fails to state a cause of action.

Plaintiff's negligence claim (Claim III) does not include any facts supporting the contention that Sterling knew or should have known of the alleged defects in the alcohol pads. There is no allegation that the defects were communicated to Sterling or how Sterling was put on notice that the products were defective. Indeed, Plaintiff alleges that although the TRIAD Defendants knew of the defects, they failed to fulfill assurances made to the FDA to address and correct them, delayed a recall of the product, and continued to distribute the allegedly defective alcohol pads (Dkt. 23, ¶ 5, 84). These allegations contradict the conclusory allegations that Sterling knew or should have known of the defects.[2]

The Fourth Claim purports to plead strict liability. However, Plaintiff seemingly alleges both a design defect and a manufacturing defect. There are no factual allegations supporting a design defect, however. To the extent, therefore, Plaintiff attempts to assert a design defect, the Fourth Claim is deficient.

---

[2] Moreover, the allegations in Claim III reflect less than careful drafting. For example, in ¶ 144, Plaintiff alleges that Sterling "had a legal duty to conform its conduct in accordance with that of a reasonable person, which includes . . . *acting with negligence, conscious disregard, despicable or other wrongful conduct.*" (emphasis added). Obviously, Plaintiff did not intend to allege that Sterling had a duty to act negligently.

4

Finally, Plaintiff's Fifth Claim for breach of implied warranty likewise fails to state a cause of action. First, it lumps Sterling in with the TRIAD Defendants without distinguishing among them, merely referring to them as "these Defendants." No facts unique to Sterling are alleged. The legal elements are pleaded, with bare conclusions, contrary to the pleading standard of *Ashcroft v. Iqbal*, supra.

In conclusion, the Second Amended Complaint is not a meaningful improvement over the Amended Complaint. Moreover, it fails to allege a cause of action against Sterling. The Second Amended Complaint is accordingly **DISMISSED**. Defendant Smith & Nephew, Inc. need not file a response to the Second Amended Complaint.

If Plaintiff intends to file a third amended complaint, Plaintiff shall file a motion seeking to reopen the case and for leave to amend, attaching the proposed amended pleading as an exhibit. *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999). Plaintiff is reminded that any proposed complaint shall comply with Rule 8(a)(2), Federal Rules of Civil Procedure.

The Clerk is directed to **ADMINISTRATIVELY CLOSE** this case.

**DONE AND ORDERED** this 14th day of August, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record