UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

RUTH HOMADAY f/k/a/ RUTH MARSAR,
individually and as Personal Representative
of the Estate of Joseph Richard Marsar, Jr.,    CASE NO. 13-cv-1244 (T-27 TGW)

       Plaintiff,

v.

SMITH & NEPHEW, INC., a Tennessee
corporation; and STERLING MEDICAL
SERVICES, INC., a New Jersey corporation;

       Defendants.
_____/

**PLAINTIFF'S THIRD AMENDED COMPLAINT**

Plaintiff Ruth Homaday, formerly known as Ruth Marsar, individually and as personal representative of the estate of Joseph Richard Marsar, Jr., by and through undersigned counsel, based on the best of her personal knowledge, information and belief, formed after an inquiry reasonable under the circumstances, and alleges as follows:

## I.    PRELIMINARY STATEMENT

**1.**    This is a product liability lawsuit brought by the wife (and personal representative) of the late Joseph Marsar.

**2.**    On July 15, 2010, Marsar underwent heart bypass surgery. Following his surgery, he developed a series of deep wounds, in some cases related to the surgery and in some cases apparently unrelated to the surgery.

**3**.    Many of the wounds were covered and/or treated with a variety of home health care wound dressing products that were sold by defendant Smith & Nephew, Inc. and distributed by Sterling Medical Services, Inc. These products were manufactured by a

1

non-party Wisconsin company that had developed serious quality and contamination problems that resulted in at least five product recalls and eventually a shutdown ordered by the FDA.

**4.** Marsar died April 28, 2011. Between the date of his surgery and his death nine months later, Marsar developed a series of bacterial infections that contributed to and/or caused his death.

**5**. On information and belief, the infections were caused by the contaminated products sold by Smith & Nephew and distributed by Sterling Medical.

## II.   JURISDICTION AND VENUE

**6**. This action was originally filed in Circuit Court for Sarasota County on March 18, 2013. The case was removed to federal court based on a claim of diversity jurisdiction as recognized by 28 U.S.C. § 1332. Plaintiff agrees that this action satisfies the diversity jurisdiction requirements of 28 U.S.C. § 1332.

**7**. Venue is appropriate in this district. Many of the acts that give rise to liability occurred within this judicial district, plaintiff resides within this judicial district, and all of the defendants do business within this judicial district.

## III.   PARTIES

**8**. Plaintiff Ruth Homaday, formerly known as Ruth Marsar resides, and the decedent Joseph Marsar, Jr. used to reside at 1364 Georgetown Circle, Sarasota, Florida 34232 at all times relevant to this action. Homaday was married to Joseph Marsar, Jr. on November 24, 1973. Together they have three adult children: Shannon, Christal and Joseph III. Joseph Marsar, Jr. died April 28, 2011 at the age of 58. On July 27, 2013, Ruth Homaday remarried.

9.     Defendant Smith & Nephew, Inc. is a Tennessee corporation registered in Florida. Smith & Nephew regularly conducts business in the state of Florida within this judicial district. Smith & Nephew is a global medical technology business that sells products for "advanced wound management." In this Complaint, "Smith & Nephew" is defined as the named defendant as well as all predecessor, successor and related entities to which these allegations pertain.

10.    Defendant Sterling Medical Services, Inc. is a New Jersey corporation. Sterling Medical regularly conducts business in the state of Florida within this judicial district. Sterling Medical stocks more than 10,000 medical supplies that are delivered to its customers' homes. According to its website, "[e]ach order is custom-managed to support the individual needs of the patient..." In this Complaint, "Sterling Medical" is defined as the named defendant as well as all predecessor, successor and related entities to which these allegations pertain.

### IV.    NON-PARTY PLAYERS

11.    Triad-Group, Inc. is a Wisconsin corporation. Triad Pharmaceuticals, Inc. is a Wisconsin corporation and is a subsidiary of Triad-Group, Inc. H & P Industries, Inc. is a Wisconsin corporation and does business as Triad-Group, Inc. All three Triad entities are currently involved in Chapter 11 bankruptcy proceedings venued in the Bankruptcy Court of the Eastern District of Wisconsin.

### V.     FACTS

**A.    Relationship Between The Parties**

12.    At times relevant to this lawsuit, the Triad entities engaged in the business of designing, manufacturing, distributing and selling medical devices, equipment and supplies

3

to various facilities and customers located through the United States.

13. By a license and manufacturing agreement dated July 1, 2009, Triad contracted with defendant Smith & Nephew to provide certain products for resale. Specifically, Triad agreed to manufacture products that Smith & Nephew sold under the names "SKIN-PREP Protective Wipes," "PERI-PREP Protective Wipes," "UNI-SOLVE Adhesive Remover Wipes," "REMOVE Universal Adhesive Remover Wipes," "IV PREP Antiseptic Wipes," and "NO-STING SKIN-PREP Wipes." .

14. These wound dressing products manufactured by Triad were thus sold as Smith & Nephew products. The Smith & Nephew products were distributed nationally by co-defendant Sterling Medical Services, Inc.

15. By November 2010, Triad was the subject of attention by federal regulators and the media for alleged incidents of contamination in its consumer and commercial products. This included the various types of wound dressing products that Triad was manufacturing for Smith & Nephew.

16. In December 2010, Triad initiated the first of five voluntary recalls of its products due to the risk of patient infection.

17. On April 7, 2011, Smith & Nephew terminated the its agreement with Triad and demanded the return of certain records, samples, raw materials and all Smith & Nephew intellectual property then in the custody of Triad.

18. Also in April 2011, the FDA shut down all Triad operations. On August 9, 2012, Triad Group, Inc. filed for protection under Chapter 11 of the U.S. Bankruptcy Code.

B.      Joseph Marsar's Injury

19.     On July 15, 2010, Marsar underwent heart bypass surgery. As part of the surgery, doctors removed, or "harvested" his blood vessels from his upper left thigh. The "harvested" vessels were used as bypass grafts in his repaired heart. Marsar did extremely well and was discharged five days after his surgery.

20.     On July 26, 2010, Marsar returned to the hospital for his first post-operative visit. His original dressing covering the "harvested" left wound graft site was removed, and in so doing, it tore off a swath of skin. The exposed area appeared to be dead tissue. The exposed skin area was covered with wound dressing materials.

21.     On information and belief, from that point forward until his death on April 28, 2011, Marsar's wounds were treated with Universal Adhesive Remover Wipes, UNI-SOLVE Adhesive Remover Wipes, SKIN-PREP Protective Wipes and NO-STING SKIN-PREP Protective Wipes. These products were manufactured by Triad under its contract with Smith & Nephew and distributed to Marsar by Sterling Medical.

22.     Marsar's physical condition declined precipitously following his discharge. He was found, at various times, to have Methicillin-Resistant Staphyloccoccus Aureus infection, Bacteremia with Pseudomonas, Acinetobacter, and Vancomycin-resistant Enterococcus. Marsar's doctors were unable to keep up with the infections and multiple complications, which included two amputations.

23.     During this entire time, Marsar's wounds were being treated, prepped and covered by the Smith & Nephew wound dressing products listed above. They were sent to him by defendant Sterling Medical Services.

24.     Marsar died on April 28, 2011. His body was not given an autopsy.

C.     **The Recalls**

25.    Five days after Marsar died, a letter was sent by defendant Sterling Medical Services to him at his Sarasota address. The letter (attached as **Ex. A**) indicates that there has been a product recall involving the following Smith & Nephew products: REMOVE Universal Adhesive Remover Wipes; UNI-SOLVE Adhesive Remover Wipes, SKIN-PREP Protective Wipes and NO-STING SKIN-PREP Protective Wipes. According to the letter, "[t]his recall has been initiated by the manufacturer because there is a possibility that the product was inadequately sterilized which could possibly result in patient infection." These are all products manufactured by Triad, sold to Smith & Nephew and distributed by Sterling.

26.    The recall letter further advises that if the recipient discovers the recalled product, she should "discontinue use and responsibly destroy the affected products."

27.    On August 1, 2011, Sterling sent Marsar a second "urgent" recall notice (attached as **Exh. B**). This letter advised that additional "lots" of the following products were also found to be contaminated: REMOVE Adhesive Remover Wipes, UNI-SOLVE Adhesive Remover Wipes, SKIN-PREP Protective Wipes and NO-STING SKIN-PRE Protective Wipes. As before, these are all products manufactured by Triad, sold to Smith & Nephew and distributed by Sterling.

28.    Plaintiff found UNI-SOLVE Adhesive Remover Wipes and SKIN-PREP Protective Wipes among her late husband's possessions. Plaintiff had the products that she was able to locate tested, and at least one of the products, the UNI-SOLVE Adhesive Remover Wipes, was positive for bacteria.

29. On information and belief, the repeated applications of the contaminated wound dressing products caused and/or contributed to Marsar's multiple injuries, illnesses and infections, and eventually led to his death.

## VI. LEGAL CLAIMS

**Count 1 – Product Liability Against Smith & Nephew For Manufacturing Defect**

30. Plaintiff realleges the allegations set forth in preceding paragraphs 1 through 29.

31. Plaintiff's claim against Smith & Nephew is for products liability arising out of a manufacturing defect. It arises under the common law.

32. The wound dressing products identified above manufactured by Triad and sold to Smith & Nephew did not conform to their intended design because they were contaminated with bacteria. This rendered the products unsafe.

33. These defects existed the moment Smith & Nephew took legal possession of the products.

34. Smith & Nephew was in position to control the risk caused by the defective products and/or assumed the risks created by the defective products. Smith & Nephew had the right and the obligation to require that the products be manufactured free of bacterial contamination. Smith & Nephew had the right and the obligation to separately test the products to ensure that they were free of contamination. Smith & Nephew had the right and obligation to refuse to accept product that was defective due to contamination.

35. Smith & Nephew placed the defective products into the stream of commerce without changing their defective condition.

36. The defective products caused injury to Marsar.

**Count 2 – Product Liability Against Sterling Medical For Manufacturing Defect**

37.  Plaintiff realleges the allegations set forth in preceding paragraphs 1 through 29.

38.  The wound dressing products identified above manufactured by Triad and sold to Smith & Nephew was distributed under the Smith & Nephew name by Sterling Medical Services.

39.  The wound dressing products identified above that were distributed by Sterling Medical did not conform to their intended design because they were contaminated with bacteria. This rendered the products unsafe.

40.  These defects existed the moment Sterling Medical took legal possession of the products.

41.  Sterling Medical was in position to control the risk caused by the defective products and/or assumed the risks created by the defective products. Sterling Medical had the right and the obligation to require that the products be manufactured free of bacterial contamination, and further that the products be transferred to it free of bacterial contamination. Sterling Medical had the right and the obligation to separately test the products to ensure that they were free of contamination. Sterling Medical had the right and obligation to refuse to accept product that was defective due to contamination.

34.  Sterling Medical placed the defective products into the stream of commerce without changing their defective condition.

35.  The defective products caused injury to Marsar.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff Ruth Homaday, individually and as personal representative of the estate of Joseph Marsar, prays for judgment jointly and severally against defendants as follows:

a. For damages in an amount adequate to compensate plaintiff for the injuries and damage sustained and subsequent death of Joseph Marsar, plus costs and all other relief to which plaintiff is entitled to by law;

b. For all general and special damages caused by the conduct of the defendants, in an amount to be determined by a jury;

c. For the costs of litigating this case; and

d. For all other relief to which plaintiff is entitled by law.

## DEMAND FOR JURY TRIAL

Plaintiff Ruth Homaday, individually and as personal representative of the estate of Joseph Richard Marsar, Jr., demands a trial by jury of all of the issues triable by right.

Dated: September 17, 2013.

                                **Kelley Uustal, PLC**

                                By: */s/ Jordan M. Lewis*
                                   Jordan M. Lewis (FL Bar No.: 97997)
                                   700 S. E. 3rd Avenue, Suite 300
                                   Fort Lauderdale, Florida 33316
                                   Telephone:   (954) 522-6601
                                   Facsimile:     (954) 522-6608
                                   Email:           jml@kulaw.com

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by CM/ECF Electronic Notification this 17th day of September, 2013 to the following:

Daniel A. Garcia, Esquire
Hinshaw & Culbertson, LLP
One E. Broward Blvd, Suite 1010
Fort Lauderdale, FL 33301
*Counsel for Defendants, Triad Group, Inc.*
*And Triad-Group, Inc.*

David J. Walz, Esquire
Edward W. Gerecke, Esquire
Carlton Fields, PA
4221 W. Boy Scout Blvd, Suite 1000
Tampa, Florida 33601
*Counsel for Defendants, Sterling Medical Service*
*And Smith and Nephew, Inc.*

Claire Resop, Esquire
Steinhilber, Swanson & Resop
122 W. Washington Avenue
Suite 850
Madison, WI 53703
*Counsel for Defendant, H&P Industries, Inc.*

Carlos A. Kelly, Esquire
Traci T. McKee, Esquire
Henderson Franklin Starnes & Holt, PA
1715 Monroe Street
Fort Myers, Florida 33902
*Counsel for Defendants, Donna Petroff and Eric Haertle*

                                                  */s/ Jordan M. Lewis*
                                                  Jordan M. Lewis (Florida Bar No. 97997)